IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation, INTERSCOPE RECORDS, a California general partnership, UMG RECORDINGS, INC., a Delaware corporation, SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, and BMG MUSIC, a New York general partnership, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3112 |
| MICHELLE HUGHES, | ) ) ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs' Motion for Default Judgment and Permanent Injunction (d/e 19). Plaintiffs seek judgment in their favor, including: (1) statutory damages pursuant to 17 U.S.C. §§ 504(a)(2) and (c); (2) a permanent injunction; and (3) an award of costs. For the reasons set forth below, Plaintiffs' Motion is allowed.

1

Plaintiffs filed their Complaint for Copyright Infringement (d/e 1) on June 6, 2006. The Complaint alleges that Plaintiffs hold valid copyrights to the following sound recordings: "Otherside" by Red Hot Chili Peppers, "The Real Slim Shady" by Eminem, "Anthem" by Blink-182, "Carrying Your Love With Me" by George Strait, "I Cross My Heart" by George Strait, "Sexual Healing" by Marvin Gaye, "Tell Her" by Lonestar, and "All Or Nothing" by O-Town (Copyrighted Sound Recordings). Complaint, ¶ 11; Exh. A. According to the Complaint, Defendant Michelle Hughes, without authorization, used an online media distribution system to download the Copyrighted Sound Recordings to distribute them to the public, and/or to make them available for distribution. Id., ¶ 13. The docket reveals that Hughes was served with summons and the Complaint on July 25, 2006. Summons Returned Executed (d/e 5). Hughes failed to file an answer or otherwise appear in the case, and Plaintiffs filed a Motion for Entry of Default (d/e 17) on November 17, 2006.

On November 20, 2006, Magistrate Judge Byron G. Cudmore entered an Order of Default (d/e 18) in Plaintiffs' favor and against Hughes. Hughes is not a minor or an incompetent person, nor is she in military service. Memorandum in Support of Plaintiffs' Motion for Default

Judgment and Permanent Injunction (d/e 20), Exh. B, Affidavit of Ann E. Pille (Pille Aff.), ¶ 5. Therefore, the Court finds entry of default judgment against Hughes to be appropriate and turns to the question of damages.

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ's, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). The allegations in a complaint with respect to damages, however, are not deemed to be true, but rather, the court must ascertain the damages with reasonable certainty. In re Catt, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, the Court addresses each of Plaintiffs' requests for relief in turn.

A. Statutory Damages

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(a)(2), which provides "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." Under § 504(c):

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements

> involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c). Plaintiffs seek only the minimum statutory damages of $750 for each of the eight infringements alleged in the Complaint. These damages are easily ascertainable, and no evidentiary hearing is required. The Court finds that Plaintiffs are entitled to statutory damages totaling $6,000.00, which is $750.00 for each of eight alleged acts of infringement by Hughes.

    B.  <u>Permanent Injunction</u>

Plaintiffs allege that Hughes' conduct causes them irreparable harm for which they have no adequate remedy at law and seek an injunction pursuant to 17 U.S.C. § 502. Under § 502(a), the Court may grant a final injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Plaintiffs ask that Hughes be enjoined from infringing their rights in the Copyrighted Sound Recordings and in "any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) . . . ." <u>Complaint</u>, p. 5. Plaintiffs also ask that Hughes be ordered

to destroy all unauthorized copies of Plaintiffs' copyrighted works that are within her possession, custody, or control.  Id.

The Court agrees that an injunction is appropriate, as Plaintiffs have no adequate remedy at law.  Hughes' use of an online media distribution system has exposed Plaintiffs' copyrighted works to the possibility of further wide-spread infringement.  There is no evidence that Hughes has stopped infringing or would refrain from future infringement absent an injunction.  Moreover, in copyright cases, if a party's "rights really were infringed, [it] is entitled to an injunction without demonstrating irreparable harm."  Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1172 (7th Cir. 1997).

Plaintiffs seek an injunction covering not only works currently in existence, but also works to be created in the future.  Courts in copyright cases often extend injunctive relief to work to be created in the future, and this Court deems such relief appropriate under the facts of the present case.  See Princeton Univ. Press v. Michigan Document Servs., Inc., 99 F.3d 1381, 1392-93 (6th Cir. 1996) (collecting cases).  Therefore, Hughes is enjoined from infringing Plaintiffs' rights to any sound recording, whether now in existence or later created, for which Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) have or obtain a valid copyright.  See

5

Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 632 (7th Cir. 2003). Hughes is further ordered to destroy all unauthorized copies of Plaintiffs' copyrighted works that are within her possession, custody, or control. See Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417, 433-34 (1984) ("The Copyright Act provides the owner of a copyright with a potent arsenal of remedies against an infringer of his work, including . . . the impoundment and destruction of all reproductions of his work made in violation of his rights . . . .").

C.  Costs

Plaintiffs seek costs under 17 U.S.C. § 505, which gives the Court discretion to allow Plaintiffs to recover their full costs from Hughes. Plaintiffs request $420.00 in costs. This request is reasonable and is supported by the Affidavit of Ann E. Pille. Pille Aff., ¶ 6. The Court, in its discretion, grants Plaintiffs' request for $420.00 in costs.

THEREFORE, Plaintiffs' Motion for Default Judgment and Permanent Injunction (d/e 19) is ALLOWED. The Court grants Plaintiffs' request for a permanent injunction against Hughes and mandates that Hughes destroy all unauthorized copies of Plaintiffs' copyrighted works and hereby prohibits her from infringing Plaintiffs' rights to any sound

recording, whether now in existence or later created, for which Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) have or obtain a valid copyright. The Court awards Plaintiffs statutory damages in the amount of $6,000.00 and $420.00 in costs, for a total award of $6,420.00. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 31, 2007.

       FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE